# United States District Court
# Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | **EDCR 07-00017 (B) SGL** |
| **Defendant** PAUL HANSEN | **Social Security No.** __ __ __ __ | |
| akas: | (Last 4 digits) | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 04 | 08 |

**COUNSEL**  ☒ WITH COUNSEL   [1] David M. Phillips, Appointed Counsel/CJA
(Name of Counsel)

**PLEA**  ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☐ NOT GUILTY

**FINDING**  There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of:
**18 USC § 286: Conspiracy to Defraud the United States with Respect to Claims; 18 USC § 1028(a)(3): Possession of Five or More Identification Documents; 18 USC § 287: Making False Fictitious, or Fraudulent Claims Against the United States; 18 USC § 2 (b): Causing an Act to be Done; 18 USC 1029 (a)(30: Possession of Fifteen or More Access Devices; 18 USC §1028A(A)(1): Aggravated Identity Theft, as charged in the Second Superseding Information.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984,

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Paul Hansen, is hereby committed on Counts 1 through 5 of the Second Superseding Information to the custody of the Bureau of Prisons for a term of 84 months.

This term consists of 60 months on each of Counts 1 through 4 of the Second Superseding Information to be served concurrently with each other, and 24 months on Count 5 of the Second Superseding Information, to be served consecutively to the terms imposed on Counts 1 through 4. Total of 84 months of imprisonment.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. This term consists of 3 years on Counts 1 through 4, and 1 year on Count 5 of the of the Second Superseding Information, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

USA vs.  **PAUL HANSEN**                                                    Docket No.:  **EDCR 07-00017 (B) SGL**

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential alcohol treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for alcohol abuse.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge;

7. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

8. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer;   nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name;

9. The defendant shall not lease, rent, use, or otherwise maintain any storage shed, commercial property, residential property, other than his residence, or any mailbox or post office box, other than at his residence without first obtaining the approval of the Probation Officer;

10. The defendant shall not lease, purchase, use, possess, or otherwise maintain any cellular telephone or cellular telephone account without obtaining the prior approval of the Probation Officer; and

| USA vs. **PAUL HANSEN** | Docket No.: **EDCR 07-00017 (B) SGL** |
|---|---|

11. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $500, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $115,862.66 pursuant to 18 U.S.C. § 3663A. At the time of sentencing the Government may submit information establishing additional restitution due resulting from the defendant's conduct in 2004 and 2005.

A partial payment of $32,000 shall be paid immediately. Within 30 days of sentencing, an additional $40,000 shall be paid. The balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of at least $200 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| U.S. Treasury | $115,862.66 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly

| USA vs. **PAUL HANSEN** | Docket No.: **EDCR 07-00017 (B) SGL** |
|---|---|

payments of at least $200 shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

 Defendant informed of his right to file an appeal within 10 days of today's date.

 The Court Recommends to the Bureau of Prisons that the defendant be allowed to participate in a drug and alcohol treatment program at the penal institution designated.

 In the interest of Justice the Court ORDERS the underlying Indictment and/or Counts be DISMISSED.

 IT IS SO ORDERED.

| USA vs.  **PAUL HANSEN** | Docket No.: **EDCR 07-00017 (B) SGL** |
|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

August 13, 2008
Date

_/s/ S.G. Larson_
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

August 14, 2008
Filed Date

By    Jim Holmes /s/
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. | **PAUL HANSEN** | Docket No.: | **EDCR 07-00017 (B) SGL** |
|---|---|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs.  **PAUL HANSEN**                             Docket No.:  **EDCR 07-00017 (B) SGL**

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____                  _____
Date                                       Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| USA vs. | **PAUL HANSEN** | Docket No.: | **EDCR 07-00017 (B) SGL** |
|---|---|---|---|

_____   _____
Filed Date                                   Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
               Defendant                                               Date


_____                        _____
U. S. Probation Officer/Designated Witness         Date

## NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | |
|---|---|---|---|
| ☐ | Atty Sttlmnt Officer Panel Coordinator | ☐ | PSA - Riverside (PSAED) |
| ☐ | BAP (Bankruptcy Appellate Panel) | ☐ | PSA - Santa Ana (PSASA) |
| ☐ | Beck, Michael J (Clerk, MDL Panel) | ☐ | Schnack, Randall (CJA Supervising Attorney) |
| ☐ | BOP (Bureau of Prisons) | | |
| ☐ | CA St Pub Defender (Calif. State PD) | ☐ | Statistics Clerk |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | ☐ | US Attorneys Office - Civil Division - L.A. |
| | | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | Catterson, Cathy (9th Circuit Court of Appeal) | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | Chief Deputy Admin | ☐ | US Bankruptcy Court |
| ☐ | Chief Deputy Ops | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Clerk of Court | | |
| ☐ | Death Penalty H/C (Law Clerks) | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Dep In Chg E Div | | |
| ☐ | Dep In Chg So Div | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Federal Public Defender | | |
| ☐ | Fiscal Section | ☐ | US Probation Office (USPO) |
| ☐ | Intake Section, Criminal LA | ☐ | US Trustee's Office |
| ☐ | Intake Section, Criminal SA | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Intake Supervisor, Civil | | |
| ☐ | Interpreter Section | | *ADD NEW NOTICE PARTY* **(if sending by fax, mailing address must also be provided)** |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | Name: |
| ☐ | PIA Clerk - Riverside (PIAED) | | Firm: |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | Address (*include suite or floor*): |
| ☐ | PSA - Los Angeles (PSALA) | | |

G-75 (01/06)                    **NOTICE PARTY SERVICE LIST**

| | |
|---|---|
| *E-mail: | |
| *Fax No.: | |

 * For CIVIL cases only

| | *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|---|
| | |
| | |
| | |
| | |

**Initials of Deputy Clerk** _____

G-75  (01/06)                                                           **NOTICE PARTY SERVICE LIST**